UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN E. BARRINGTON,

    Petitioner,

v.                                      CASE NO. 6:08-cv-1455-Orl-31GJK
                                         (6:06-cr-76-Orl-31JGG)

UNITED STATES OF AMERICA,

    Respondent.

---

**ORDER**

This case is before the Court following an evidentiary hearing conducted on June 8, 2009, regarding Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1).

*I.    Procedural History*

Petitioner raised six claims in his section 2255 motion, and the Court entered an Order on April 21, 2009, which granted an evidentiary hearing as to claim two (ineffective assistance of counsel because counsel failed to pursue a direct appeal) and deferred ruling on the remaining claims: he was wrongfully convicted and sentenced as to count 28 of the second superseding indictment (claim one); the Court failed to conduct an evidentiary hearing as to Petitioner's "conflict of interest and ineffective assistance of counsel claim" (claim three); Petitioner was incorrectly "enhanced 4 levels under U.S.S.G. § 2B1.1(B)"

(claim four); the Court's restitution order was incorrect (claim five); and Petitioner was incorrectly "enhanced 18 levels under USSG § 2B1.1(b)(1)(J)" (claim six).

As to claim two, Petitioner alleges that he told his trial counsel to move forward with his appeal but that counsel failed to do so. Petitioner was represented at trial by Mr. Kyle Fletcher.

## II. Analysis

### A. Claim Two

#### 1. The Testimony of the Witnesses

At the evidentiary hearing, Petitioner testified on his own behalf, and Mr. Fletcher testified on behalf of the Government.

##### a. Petitioner's Testimony

Petitioner testified that, immediately after sentencing, he whispered to Mr. Fletcher that he wished to pursue an appeal. Shortly after sentencing, he met with Mr. Fletcher at the Orange County Jail and was informed that the filing of an appeal would not be worthwhile because 1) there were no meritorious issues to be presented and an *Anders* brief would be necessary,[1] and 2) the Government would look disfavorably upon such an action and be reluctant to file a Rule 35 motion.[2] Despite counsel's admonitions, Petitioner

---

[1] In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court established a procedure for appellate counsel when seeking permission to withdraw from the representation when he or she concluded that an appeal would be frivolous.

[2] Rule 35(b) allows the government to move post-sentence for a reduced penalty on the ground of "substantial assistance" rendered to the government's crime-fighting cause.

2

proceeded to file a notice of appeal, *pro se*, on August 27, 2007.³ He also filed, along with the notice, a request for the appointment of different counsel for appeal. Petitioner discussed the matter again with Mr. Fletcher on three occasions and was again advised that it was not in Petitioner's best interest to pursue an appeal and that if he cooperated with the Government he could get his sentence reduced. As a result, on September 5, 2007, Petitioner filed a Withdrawal of Notice of Appeal with this Court (or on September 3, 2007, under the mailbox rule).⁴

Mr. Fletcher subsequently informed Petitioner that the withdrawal notice should have been filed with the Eleventh Circuit Court of Appeals, and, as a result, Petitioner filed a Withdrawal of Notice of Appeal with the appellate court on September 17, 2007 (or on September 12, 2007, under the mailbox rule). At some point between September 12, 2007, and September 27, 2007, Petitioner changed his mind and decided to pursue an appeal. Mr. Fletcher told him that the Government was no longer interested in his (Petitioner's) assistance, and, as a result, Petitioner felt that he had been "tricked" into filing the withdrawal notice.

---

³Although the notice was file-stamped on August 30, 2007, under the "mailbox rule," it would be deemed filed on August 27, 2008, when it was signed and presumably submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

⁴Although Petitioner mentioned that he had several discussions with Mr. Fletcher regarding this matter between the date of sentencing and the date of the filing of the withdrawal notice, his recollection as to specific dates and times was vague at best.

Petitioner received a correspondence from the appellate court dated September 27, 2007, indicating that his *pro se* withdrawal notice was being returned since he was represented by counsel, and he then met with Mr. Fletcher on two more occasions to discuss the matter. The first meeting occurred on October 1, 2007, or October 2, 2007, and the second meeting occurred on October 3, 2007. At both meetings, Petitioner informed Mr. Fletcher that he wished to pursue the appeal, and, at the first meeting, Mr. Fletcher presented Petitioner with a withdrawal of appeal notice, which Petitioner refused to sign. Petitioner then sent a letter to Mr. Fletcher dated October 3, 2007, expressing his desire to move forward with the appeal.

Petitioner indicated that he had not seen the Withdrawal of Notice of Appeal filed by Mr. Fletcher with the appellate court on October 5, 2007,[5] until his counsel in the instant section 2255 proceedings showed it to him. Petitioner was under the impression that his appeal was going forward until he sent a letter to the appellate court dated June 12, 2008, regarding the status of his appeal and was informed that it had been dismissed.

### b. *Mr. Fletcher's Testimony*

Mr. Fletcher testified that, after sentencing, he discussed with Petitioner whether to pursue an appeal. He told Petitioner that filing an *Anders* brief was the only alternative and that, pursuing an appeal, would diminish the likelihood of the Government filing a Rule

---

[5]The withdrawal notice was served on October 3, 2007.

35 motion.[6] According to Mr. Fletcher, Petitioner never told him that he wanted to pursue an appeal, never instructed him to file an appeal, and never told him that he changed his mind about filing an appeal.

Petitioner provided Mr. Fletcher with potential information to be passed on to the Government, and Mr. Fletcher obliged. In fact, Petitioner wrote a letter to Mr. Fletcher dated September 17, 2007, indicating his willingness to go "undercover" in the jail where Lou Pearlman was housed in order to attempt to garner information. Later, on October 7, 2007, Mr. Fletcher sent the Government an e-mail indicating that Petitioner had "a wealth of information" as to an individual named Shawn. Unfortunately for Petitioner, the Government was not interested in his assistance. Mr. Fletcher filed the Withdrawal of Notice of Appeal with the appellate court because he had been informed that Petitioner's attempt to withdraw his appeal had not been accepted by the appellate court. Mr. Fletcher felt that Petitioner was in agreement with the decision to file the withdrawal notice.[7] Mr. Fletcher never received the October 3, 2007, letter written by Petitioner.

---

[6]As to the Rule 35 motion, Mr. Fletcher explained to the Court that pursuing an appeal would serve as impeachment in any subsequent proceedings at which Petitioner might testify.

[7]A memorandum from the Orange County Jail dated June 9, 2007, regarding "John Barrington Privileged Mail September 1, 2007-October 31, 2007," supports the Government's position that Mr. Fletcher mailed a copy of the October 5, 2007, Withdrawal of Notice of Appeal to Petitioner and that it was received by Petitioner on October 4, 2007. *See* Petitioner's Supplemental Hearing Exhibit, Doc. No. 22, filed June 12, 2009. Thus, although Petitioner testified that he never received the withdrawal notice, the memorandum strongly suggests otherwise.
5

*c.     Legal Standards*

In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the United States Supreme Court determined that the ineffective assistance of counsel test in *Strickland*[8] applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. The *Roe* Court also recognized the long established rule that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477 (citations omitted). The case law is clear that such an omission would be prejudicial to Petitioner, even absent a showing of any viable grounds for appeal. *Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996) ("[A] defendant is prejudiced where his attorney fails to file an appeal after being requested to do so, even after the defendant pled guilty. In this situation, the defendant is entitled to an out-of-time-appeal, even without showing whether or not there are any viable grounds for such an appeal.").

*d.     Findings of Fact and Conclusions of Law*

After a careful weighing of the evidence, this Court finds that the testimony presented by Mr. Fletcher as to the facts is more credible than Petitioner's testimony. *See Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1559 (11th Cir. 1988) ("Assessing the weight of evidence and credibility of witnesses is reserved for the trier of fact."). It is clear that

---

[8]The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88.

Petitioner and Mr. Fletcher discussed whether to file an appeal and that they agreed that it would not be beneficial to do so because there were no viable grounds for an appeal and because it would diminish the likelihood that the Government would file a Rule 35 motion on behalf of Petitioner.

Petitioner's actions support this conclusion. He filed a notice to withdraw his appeal with both this Court and the appellate court, and he expressed his willingness to cooperate with the Government in several regards and on several occasions. He provided the Government with information as to an individual allegedly involved in child pornography; he requested that he be allowed to work undercover in attempt to obtain information from Lou Pearlman; and, as late as October 7, 2007, he offered to provide a "wealth of information" as to an individual identified as Shawn. It is also apparent that Mr. Fletcher had Petitioner's authorization to file the withdrawal notice on October 5, 2007, and that Petitioner was aware of the filing. The Court further finds that the October 3, 2007, letter written by Petitioner was fabricated and was never received by Mr. Fletcher.

Under the circumstances, the Court determines that Mr. Fletcher consulted with Petitioner about pursuing an appeal; that Petitioner decided not to pursue an appeal; that Petitioner never instructed Petitioner to pursue an appeal; and that Petitioner has not shown prejudice because he has not demonstrated a reasonable probability that he would have pursued an appeal at the relevant time in the absence of counsel's alleged error. Therefore, claim two is denied.

B.  *Claims One, Three, Four, Five, and Six*

"Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112 (1995); *see also Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir.) ("In a section 2255 federal habeas motion, a movant may not raise claims that were not presented on direct appeal unless he can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors."), *cert. denied*, 498 U.S. 849 (1990); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989) ("In general, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding."), *cert. denied*, 494 U.S. 1018 (1990). "When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error." *Mills*, 36 F.3d at 1055; *see also Greene*, 880 F.2d at 1305 ("A defendant can avoid this procedural bar only by showing both cause for the failure to raise the claim on direct appeal and actual prejudice arising from that failure.").  Alternatively, under the fundamental miscarriage of justice exception, when a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant relief in the absence of a showing of cause for the procedural default.  *Mills*, 36 F.3d at 1055.

In the present case, Petitioner has not demonstrated cause or prejudice with regard to his failure to raise these claims on direct appeal.  Likewise, Petitioner has neither alleged

nor shown the applicability of the fundamental miscarriage of justice exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, Petitioner's failure to raise these claims on direct appeal constitutes a waiver and bars him from raising these claims in the instant proceeding.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by (Doc. No. 1) is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:06-cr-76-Orl-31GJK .

4. The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 197) filed in criminal case number 6:06-cr-76-Orl-31GJK .

**DONE AND ORDERED** at Orlando, Florida, this 18th day of June, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 6/18
Counsel of Record